# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                                                                        No. CR 15-04529 WJ
                                                                                                            No. CV 17-01167 WJ/GJF

RUBEN PACHECO-SOTO,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Movant, Ruben Pacheco-Soto, on November 27, 2017. (Doc. 60). Pacheco-Soto alleges ineffective assistance of counsel in negotiating his Plea Agreement. The Court determines that Pacheco-Soto knowingly and voluntarily entered into the Plea Agreement and that he received effective assistance of counsel. Therefore the Court dismisses Pacheco-Soto's § 2255 Motion with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Pacheco-Soto was charged with and indicted on four counts: (Count 1) possession with intent to distribute 100 grams and more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (Count 2) possession with intent to distribute a controlled substance, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (Count 3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and

1

(Count 4) felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 2, 12). Pacheco-Soto pled guilty to Counts 2, 3, and 4 under a Plea Agreement on February 17, 2017. (Doc. 40 at 2, ¶ 3).

In the Plea Agreement, Pacheco-Soto stated that he understood the maximum penalties that could be imposed were imprisonment for not more than 20 years on Count 2, imprisonment for not less than 5 years or more than life on Count 3, and imprisonment for not more than 10 years on Count 4. (Doc. 40 at 4). The Plea Agreement also contained a stipulation to a total term of imprisonment of 90 months under Fed. R. Crim. P. 11(c)(1)(C). (Doc. 40 at 5, ¶ 14). In the Plea Agreement, Pacheco-Soto also stated that his plea of guilty was freely and voluntarily made, there had been no promises from anyone as to what sentence the Court would impose, and that he had carefully discussed every part of this agreement with his attorney. (Doc. 40 at 10). The Plea Agreement was signed by both Pacheco-Soto and his counsel. (Doc. 40 at 10).

The Court accepted Pacheco-Soto's guilty plea at a hearing held February 17, 2017. (Doc. 41). At the plea hearing, the Court explained Pacheco-Soto's rights and the maximum penalties to him, and Pacheco-Soto testified that he understood those rights and penalties. (Doc. 54 at 5-8). The Court also reviewed the terms of the Plea Agreement with Pacheco-Soto and Pacheco-Soto stated that he understood the terms. (Doc. 54 at 9-13). Defendant's counsel advised the Court that he is bilingual and had read the Plea Agreement to Pacheco-Soto in Spanish. (Doc. 54 at 9). Last, the Court advised Pacheco-Soto that the Plea Agreement recommended a sentence of imprisonment for a term of 90 months. (Doc. 54 at 14). Pacheco-Soto testified that he had not been threatened or forced to enter into the Plea Agreement, that no promises had been made as to what sentence the Court would impose, and that he understood

"everything." (Doc. 54 at 14-15). The Court found that the Plea Agreement was knowingly and voluntarily made and supported by the facts, and accepted the guilty plea. (Doc. 54 at 15).

Pacheco-Soto joined in the United States' Sentencing Recommendations and asked the Court to accept the 90 month stipulated term of imprisonment. (Doc. 45 at 1). The Sentencing Recommendations also noted that the Guidelines range was 121 to 151 months (plus 60 consecutive months) and that the stipulation was below the Guidelines term. (Doc. 45 at 6). The Court accepted the Plea Agreement and sentenced Pacheco-Soto to the 90 month stipulated term. (Doc. 46, 47). At the sentencing hearing, the Court expressed concern as to whether 90 months was enough, noted that Pacheco-Soto was getting a "significant break" because the Guidelines range was 121 to 151 months, and stated that Pacheco-Soto's lawyer had "negotiated a very favorable plea agreement for you." (Doc. 56 at 5-6).

On June 12, 2017, Pacheco-Soto filed a Notice of Appeal, appealing his conviction and sentence to the United States Court of Appeals for the Tenth Circuit. (Doc. 48). The Tenth Circuit enforced the appeal waiver in the Plea Agreement and dismissed the appeal on August 16, 2017. (Doc. 57-1). Pacheco-Soto then filed his pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence on November 27, 2017. (Doc. 60). In his Motion, Pacheco-Soto makes one argument: that "Counsel was ineffective for advising petitioner to plead guilty to a plea agreement under the false promise that petitioner would get a 60 month capped sentence . . . Counsel therefore made the plea unvoluntary and unknowing." (Doc. 60 at 6).

## II. ANALYSIS OF PACHECO-SOTO'S CLAIM

In essence, Pacheco-Soto's § 2255 Motion claims that he received ineffective assistance of counsel in negotiating and entering into the Plea Agreement. The Court has reviewed the Motion and the record in the underlying criminal proceedings. Under Rules 5, 7, and 8 of the

Rules Governing Section 2255 Proceedings, the Court determines that an answer, expanded record, and evidentiary hearing are not warranted. The Court concludes that the motion and existing record are sufficient and clearly fail to establish any claim of ineffective assistance of counsel. The Court will dismiss the Motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In order to establish a claim of ineffective assistance of counsel, a movant must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. *Miller v. Champion,* 262 F.3d 1066, 1072 (10th Cir. 2001). If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper,* 545 F.2d 457, 458 (5th Cir. 1977). Where there is sufficient evidence that counsel was not ineffective in allowing the petitioner to enter into a plea, the petitioner is not entitled to habeas corpus relief. *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004).

Pacheco-Soto contends that, due to ineffective assistance of counsel, he did not knowingly and voluntarily enter into the plea agreement. (Doc. 60 at 6). Pacheco-Soto entered

into the Plea Agreement on February 17, 2017. (Doc. 40). The Plea Agreement sets out, at length, Pacheco-Soto's understanding of his rights and waiver of those rights, his understanding of the sentencing agreement, guidelines, and penalties, his understanding of the immigration removal and immigration consequences, and his understanding of waiver of appeal rights and collateral review. (Doc. 40). The Plea Agreement, itself, contains the following statements:

> "Defendant agrees and represents that the plea of guilty is freely and voluntarily made . . . [t]here has been no promises from anyone as to what sentence the Court will impose.

(Doc. 40 at 10).

> I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines, provisions, and consequences of entering into this agreement."

(Doc. 40 at 12).

The record also contains the Rule 11 colloquy between Pacheco-Soto and the Court at the plea hearing held February 17, 2017. (Doc. 54). The colloquy establishes that Pacheco-Soto had been advised of his constitutional rights and understood that he was giving up those rights, that he had discussed the Plea Agreement with counsel and was satisfied with the advice and representation he had received, that the plea agreement had been read to him in Spanish, and that he understood each and every term of the agreement. (54 at 5-15). Based on the colloquy, the Court found that Pacheco-Soto was competent and capable of entering an informed plea, was aware of the nature of the charges and the consequences of the plea, and the plea was knowing and voluntary. (Doc. 54 at 15). The record is sufficient to establish that Pacheco-Soto knowingly and voluntarily entered into the Plea Agreement. *Akridge,* 545 F.2d at 458.

The record also belies Pacheco-Soto's claim that there was a "false promise that

5

petitioner would get a 60 month capped sentence." (Doc. 60 at 6). Both in the Plea Agreement and at the plea hearing, Pacheco-Soto represented that no promises had been made as to what sentence the Court would impose. (Doc. 40 at 10, ¶ 27; Doc. 54 at 14-15). The Plea Agreement expressly set out the Rule 11(c)(1)(C) stipulation to a term of 90 months. (Doc. 40 at 5, ¶ 14). At the plea hearing, the Magistrate Judge advised Pacheco-Soto that the Plea Agreement recommendation for sentencing was 90 months of imprisonment. (Doc. 54 at 14). The Presentence Investigation Report, which Pacheco-Soto reviewed with counsel in Spanish, noted that Pacheco-Soto and the United States had stipulated to a 90-month term. (Doc. 43, at 21, ¶ 92, at 23, ¶ 109, at 24, ¶ 111; Doc. 56 at 2). Last, at the sentencing hearing, the Court expressed concern that the agreed 90 month sentence might be insufficient. (Doc. 56 at 5-6). There is no support in the record that Pacheco-Soto was ever promised or otherwise given any expectation of a 60 month capped sentence.

Further, Pacheco-Soto expressly stated in his Plea Agreement that he was pleading guilty because he is, in fact, guilty of the charged offenses. (Doc. 40 at 4-5, ¶¶ 8-13). Although he makes the unsupported assertion that he "plead guilty based solely on this false promise," Pacheco-Soto does not refute his admission of guilt. *Miller v. Champion,* 262 F.3d at 1072. As the Court noted, Pacheco-Soto's counsel negotiated a very favorable term of imprisonment under the Plea Agreement. If the Court had rejected the stipulated 90 months and sentenced Pacheco-Soto under the applicable Guidelines range, he would likely have been sentenced to a substantially longer term of imprisonment than the one he is currently serving. (Doc. 56 at 5-6).

Pacheco-Soto has not shown that he received constitutionally inadequate assistance of counsel in negotiating and entering into the Plea Agreement. The record fails to show that his counsel's performance was deficient or that any deficient performance prejudiced the defense.

*Strickland v. Washington,* 466 U.S. at 687. Instead the record establishes that, based on competent advice of counsel, Pacheco-Soto knowingly and voluntarily entered into a very favorable plea agreement that was accepted by the Court. *Akridge v. Hopper,* 545 F.2d at 458. Pacheco-Soto is not entitled to § 2255 relief on the grounds of ineffective assistance of counsel. *Allen v. Mullin,* 368 F.3d at 1246.

## CONCLUSION

Pacheco-Soto fails to show that he received ineffective assistance in violation of his Fifth Amendment right to counsel. *Strickland v. Washington,* 466 U.S. at 687. The Court also determines *sua sponte* that, under Rule 11(a) of the Rules Governing Section 2255 Cases, Pacheco-Soto has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a Certificate of Appealability.

**IT IS ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 filed by Movant, Ruben Pacheco-Soto, on November 27, 2017 (Doc. 60) is **DISMISSED** with prejudice, a Certificate of Appealability is **DENIED** under Rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE